OPINION
{¶ 1} Defendant-appellant Jason Herron appeals from his conviction and sentence, following a guilty plea, for Aggravated Robbery. Herron was originally charged by indictment with one count of Aggravated Robbery and one count of Felonious Assault, both with firearm specifications, and one count of Having Weapons While Under Disability. A plea bargain was entered into wherein Herron pled guilty to the charge of Aggravated Robbery, and the other charges, as well as both firearm specifications, were dismissed. Part of the agreement was that Herron would not be eligible to be sentenced to community control sanctions.
 {¶ 2} Herron was represented by counsel, who appeared with him at the hearing at which his plea was accepted and sentence was imposed. We have reviewed a transcript of this proceeding, and it reflects that all the requirements of Crim.R. 11 for the taking of a guilty plea were complied with.
 {¶ 3} At the time Herron's plea was accepted and sentence was imposed, Herron was serving a prison sentence of 32 years previously imposed for the offenses of Murder, with a firearm specification, Felonious Assault, with a firearm specification, Improper Discharge of a Firearm into a Habitation, and Having Weapons While Under Disability. The minimum sentence that Herron could receive in the case that is before us is three years. Herron had agreed, as part of the plea bargain, that he would not be eligible for a community control sanction, and the imposition of a community control sanction for this offense would have been improbable, at best, in view of the pending sentence in the other case.
 {¶ 4} In the case before us, the trial court imposed the minimum sentence — three years' incarceration — and ordered that sentence served concurrently with the 32-year sentence previously imposed upon Herron.
 {¶ 5} Herron's appellate counsel has found no potential claims of error having plausible merit, and neither do we. Herron's appellate counsel has filed a brief pursuant to Andersv. California (1967), 386 U.S. 738, reciting that she can find no claims of error having plausible merit. By entry filed herein April 6, 2004, we have afforded Herron the opportunity to file his own, pro se brief, within 60 days of that order. He has not done so.
 {¶ 6} Pursuant to Anders v. California, supra, we have independently reviewed the record, but, as noted, have found no potential claims of error having plausible merit. In short, we find this appeal to be wholly frivolous. Accordingly, the judgment of the trial court is affirmed.
Wolff and Grady, JJ., concur.